**Perkins Coie**

Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711

T. +1.212.262.6900
F. +1.212.977.1649
perkinscoie.com

August 28, 2025

David A. Perez
DPerez@perkinscoie.com
D.  +1.206.359.6767
F.  +1.206.359.7767

**VIA ECF**

Hon. Ann M. Donnelly
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**    *Inside Then Out, LLC v. Pietra, Inc.*, Case No. 1:25-cv-3997-AMD-JAM

Dear Judge Donnelly:

We represent Defendant Pietra, Inc. in the above-referenced matter. Pursuant to this Court's August 1, 2025 minute order, and Your Honor's Individual Practices and Rules, we submit this letter to request a pre-motion conference regarding our intent to move to dismiss this case.

Federal courts are courts of limited jurisdiction. The dispute between Pietra and Plaintiff Inside Then Out, LLC is a simple, low-dollar contract dispute between non-diverse parties. To the extent Plaintiff's contract claims arising from the Fulfillment Services Agreement have any merit, they belong in New York state court and any damages are capped by a strict Limitation on Liability clause. To avoid this inescapable reality, Plaintiff's Complaint concocts legally- and factually-baseless intellectual property claims to manufacture federal jurisdiction where none exists. Any claims Plaintiff may plausibly assert beyond the scope of the Fulfillment Services Agreement are subject to the Terms of Service for use of Pietra's platform. Plaintiff conveniently ignores those Terms of Service in its Complaint and attempts to recast its claims as intellectual property claims to circumvent a mandatory arbitration clause in the Terms of Service. But Plaintiff fails to state a claim for infringement of its intellectual property rights and has no other basis for the Court to exercise jurisdiction. This Complaint should be dismissed.

I.    <u>Pietra and Inside Then Out's Business Relationship is Governed by Contract</u>

Inside Then Out began using Pietra's AI-powered e-commerce marketplace to connect with suppliers and use the marketing software available on the website in 2023. In opening an account with Pietra, Plaintiff agreed to the platform's Terms of Service. Plaintiff then specifically opted into use of fulfillment services provided by Pietra for online sales of its journaling products. As the Complaint acknowledges, *see* Compl. ¶ 45, the fulfillment services aspect of the parties' business relationship is governed by the Pietra Fulfillment Services Agreement, which Pietra and Plaintiff signed on March 16, 2023. The Fulfillment Services Agreement establishes the terms by which Pietra provided supply chain order and fulfillment services to Inside Then Out. As a factual matter, Plaintiff's allegations fall into three categories: that Pietra (1) delivered inventory items to Inside Then Out customers late; (2) delivered incorrect inventory items to Inside Then Out customers; and (3) miscounted Inside Then Out inventory. *See* Compl. ¶¶ 60-83.

August 28, 2025
Page 2

All of these claims are governed by the Fulfillment Services Agreement's "Limitation on Liability" ("LOL"). Under the LOL, which Plaintiff incorporates into the Complaint, Pietra's damages are capped at "the monies paid or payable by [Inside Then Out] to Pietra in the preceding 12 months of the event excluding carrier fees or other third party fees." Fulfillment Services Agreement ¶ 11.1. Pietra calculates this figure to be approximately $61,000. The Complaint conveniently ignores that the LOL "provide[s] [Inside Then Out's] **exclusive remedy** against Pietra for any claim or cause of action whatsoever." *Id*. ¶ 11.2 (emphasis added).

Plaintiff's argument that Pietra's alleged gross negligence renders the LOL inapplicable misstates New York law. The New York Court of Appeals has held that contractual limitations on liability that are not an "exculpatory or nominal damages clause" are enforceable regardless of gross negligence where negotiated between sophisticated parties. *Matter of Part 60 Put-Back Litig.*, 36 N.Y.3d 342, 349 (2020). The Second Circuit has affirmed this holding in circumstances dealing with clauses like the LOL. *Serifos Mar. Corp. v. Glencore Singapore Pte Ltd.*, No. 24-1303-CV, 2025 WL 1554798, at *2 (2d Cir. June 2, 2025) (Summary Order).

Any other allegations of wrongdoing that Plaintiff makes beyond its use of Pietra's fulfillment services are governed by the Terms of Service for Pietra's platform, which include a binding arbitration clause for all claims "arising out of or relating to these terms…" While this clause carves out intellectual property claims, as discussed further below, Plaintiff has no intellectual property claim against Pietra and is merely trying to avoid its obligation to arbitrate with Pietra.

Plaintiff's claims are low-dollar state law contract dispute claims, and the parties to the contract are not diverse. This dispute does not belong in federal court.

## II.   <u>Inside Then Out Fails to State Any Intellectual Property Claim</u>

In an attempt to avoid the LOL and manufacture federal jurisdiction over this suit, Inside Then Out tries to frame this simple breach of contract dispute as an infringement of its intellectual property rights. Inside Then Out makes a number of copyright and trademark claims under federal and state law, but they can be grouped into two categories of allegations: (1) that Pietra somehow infringed Inside Then Out's copyright to its journal products every time it delivered the incorrect journal to a customer; and (2) that Pietra somehow infringed Inside Then Out's brand trademark by exercising its explicit license to use Inside Then Out's name to market its own services. This attempt to transform a normal commercial relationship into a copyright and trademark issue fails, and its intellectual property claims should be dismissed.

### A.   **The Copyright Claims Fail as a Matter of Law**

To establish a claim of copyright infringement, a plaintiff must prove "ownership of a valid copyright" and "copying of constituent elements of the work that are original." *White v. DistroKid*, 738 F.Supp.3d 387, 394-95 (S.D.N.Y. 2024). As relevant to this case, "[t]he word 'copying' is shorthand for the infringing of" the right to "distribute copies" of Inside Then Out's journals. *Id*. at 395 (*quoting Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010)).

August 28, 2025
Page 3

Plaintiff does not come close to stating any cognizable claim for copyright infringement. Plaintiff's claim is that every single time one of their journals is delivered to the wrong address, the parties facilitating the delivery are guilty of copyright infringement. Would Plaintiff claim that every time *the United States Postal Service* delivers a magazine to the wrong address, that they have committed copyright infringement? Would they claim that every time an Amazon delivery driver drops a book on the wrong doorstep, that driver has committed copyright infringement? Of course not. The Complaint describes a simple breach of contract related to fulfillment services. Pietra cannot locate a single case nationwide where a court has sanctioned this type of ordinary commercial error as a Copyright Act violation. That's because there is no caselaw to support this theory of infringement.

Inside Then Out's copyright claims are objectively unreasonable. The Copyright Act's attorney's fees provision "does not differentiate between prevailing plaintiffs and prevailing defendants." *Pyatt v. Jean*, No. 04-CV-3098, 2010 WL 3322501, at *1 (E.D.N.Y. Aug. 17, 2010). Courts in the Second Circuit "have awarded attorneys' fees to prevailing defendants solely upon a showing that the plaintiff's position was objectively unreasonable, even without a showing of bad faith or frivolousness." *Id*. at *2 (citation omitted). Pietra intends to move for attorney's fees and costs on these claims.

#### B. Pietra's Terms of Service Preempt Inside Then Out's Trademark Claims

Inside Then Out's remaining intellectual property law claims all relate to a single alleged trademark infringement: a quote from Plaintiff appearing on Pietra's website touting the benefits Pietra's fulfillment services have provided. Plaintiff has no viable intellectual property law claim regarding this quote. In agreeing to Pietra's Terms of Service, Plaintiff granted Pietra a license "to use, copy, adapt, modify, distribute, license, sell, transfer, publicly display . . . and otherwise exploit . . . User Content" such as Inside Then Out's name to "promote, market or advertise the Platform or Pro Services, or for any other purpose in our sole discretion." *See* Pietra Terms of Service, *available at* https://docs.google.com/document/d/1xyqmahqh73t9l9xV2VixOFbcli58saOktL_Ppn2RWyE/edit?tab=t.0#heading=h.lpdbcb1n7l7l. Inside Then Out's name is undoubtedly "User Content" subject to this license. Once again, to the extent Plaintiff has any claim regarding this quote, it is a claim for *breach of contract*, not trademark infringement. The trademark claims must be dismissed, and Pietra intends to move for attorney's fees and other costs on these claims.

### III. This Court Should Decline to Exercise Supplemental Jurisdiction over Inside Then Out's Meritless Breach of Contract Claims

"In the interest of comity, the Second Circuit instructs that absent exceptional circumstances, where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should abstain from exercising pendent jurisdiction." *Perlman v. Fid. Brokerage Servs. LLC*, 932 F. Supp. 2d 397, 417 (E.D.N.Y. 2013) (cleaned up). No such exceptional circumstances exist here, and since both parties are citizens of New York for purposes of diversity jurisdiction, no separate basis exists for this court to exercise jurisdiction over this case. Therefore, Pietra requests that this Court dismiss Inside Then Out's claims in their entirety.

August 28, 2025
Page 4


Sincerely,


*/s/ David A. Perez*
David A. Perez